US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 1 1 2019

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**SHERRY WOOLVERTON-JONES,**

**Plaintiff;**

**Case No.: 5:19-CV-05072 TLB**

**vs.**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**

**Defendant.**

---

**COMPLAINT**

---

COMES NOW Plaintiff, Sherry Woolverton-Jones (hereinafter "**Plaintiff**" or "**Ms. Woolverton-Jones**"), by and through her attorneys, and for her Complaint against Defendant, Liberty Life Assurance Company of Boston (hereinafter "**Defendant**" or "**Liberty**"), states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Wal-Mart Stores, Inc.'s Long-Term Disability Plan and corresponding insurance policy (**Policy No.: GD/GF3-850-290765-01**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was offered and issued effective January 1, 2016 by Liberty to Wal-Mart

Stores, Inc. (hereinafter "**Wal-Mart**"); and was (is) underwritten, administered and/or managed by Liberty for the benefit of certain employees of Wal-Mart. In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Liberty Claim No.: 7901760**.

3. Venue is proper in the Western District of Arkansas, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391. *Inter alia*, Wal-Mart, the Plan Sponsor/Plan Administrator for the Plan, is incorporated in, and/or has its headquarters/principal place of business in, that District.

**RELEVANT PARTIES**

4. Ms. Woolverton-Jones resides in Dyersburg, Tennessee.

5. At all times relevant hereto, Ms. Woolverton-Jones was an "employee" of Wal-Mart, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). Plaintiff worked as a licensed optician at a Sam's Club facility in Jackson, Tennessee; however, due to her established disability, she last worked there on or about April 18, 2016.

6. At all times relevant hereto, Wal-Mart was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant Liberty was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan and under the Policy; alternatively, or in addition, Liberty was an "administrator"

and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record and therefore alleged that Liberty has a financial conflict of interest/bias, since it is the ultimate decision-maker (claims administrator, claims-review fiduciary, and/or claims fiduciary) and the payer/funding source for any benefits.

8. At the times relevant hereto, Defendant Liberty acted as agent for the Plan and for Plan Sponsor/Plan Administrator Wal-Mart.

9. Under the Plan and/or Policy, Wal-Mart delegated or assigned to Defendant Liberty the claims–fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. According to Liberty, the Plan/Policy provided that, for the first 12 months that benefits are payable, the analysis of the term "Disability" turns on whether Plaintiff has an injury or sickness that renders her "unable to perform the Material and Substantial Duties of [her] Own Occupation."

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Plaintiff is 47 years old, and her date of birth is in September, 1971.

15. Plaintiff worked for Wal-Mart as a licensed optician at a Sam's Club for over four years. When she last worked for Wal-Mart, she was earning wages of approximately $27.85 per hour.

16. Owing to her established medical disability, Ms. Woolverton-Jones's last day of work was on or about April 18, 2016.

17. The medical conditions that form the basis for Plaintiff's disability are multi-faceted and include the following: cardiac arrhythmia (irregular heartbeat); hypercoagulable syndrome (blood clotting disorder); osteoporosis; carpal tunnel syndrome; neuropathy; chronic migraines; tremors; narcolepsy; cataplexy; and right shoulder, hip, and neck pain.

18. After she could no longer perform her work for Wal-Mart, Ms. Woolverton-Jones applied for long-term disability ("LTD") benefits through Liberty. However, LTD benefits were denied altogether. The initial denial letter was dated April 2, 2018.

19. Despite due appeal(s) by or on behalf of Plaintiff, Defendant Liberty has continued to deny LTD benefits. The final denial letter was dated December 12, 2018.

20. Any and all applicable insurance–policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

21. Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Plan/Policy for the losses claimed herein.

22. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical provider(s), who have confirmed her continuing inability to work.

23. Pursuant to Arkansas insurance regulations (Ark. Admin. Code 054-00-101 ["**Rule 101**"]), any language in the Plan/Policy purporting to reserve discretion to Liberty to interpret same – and thus trigger an "arbitrary and capricious" standard of review -- is null, void and unenforceable, meaning that the Court should review this matter *de novo*. In any event, under any ERISA standard of review that may apply, the position taken by Liberty in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The "Own Occupation" (*a/k/a* "Regular Occupation") review, analysis and decision by Liberty were wrong, as well as arbitrary and capricious, under the circumstances presented.[1]

24. Further, Liberty's denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

25. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. She is also entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same. This includes LTD benefits once the governing definition of Disabled/Disability shifted (shifts) to the "Any Occupation" definition.

[1] Plaintiff reserves all points/arguments on the proper standard of review herein, under *Firestone v. Bruch*, 489 U.S. 101 (1989) and its progeny.

26. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

27. Plaintiff realleges and reavers paragraphs 1 through 26 of the Complaint, incorporating them by reference herein as if specifically restated.

28. Based on the facts summarized above, Plaintiff makes claim under ERISA for the award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq*., as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA. This count is intended to cover all cause(s) of action that are available to a Plan participant under 29 U.S.C. § 1132(a); this to include — provided applicable and necessary to afford complete relief — a cause of action for breach of fiduciary duty.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of

benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy; this includes LTD benefits once the governing definition of Disabled/Disability shifted (shifts) to the "Any Occupation" definition;

C. That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

for continued payments/contributions to employer–sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant renders and provides a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits; in sufficient detail so that Plaintiff may ascertain that her benefits are to be paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise to be paid;

F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise: to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; this includes, without limitation, amended/supplemental pleading based on relevant evidence from Plaintiff's companion claim for disability benefits under the Social Security Act (SSDI) (*said claim pending appeal at this time); and/or to add party-defendant(s) deemed necessary to afford complete relief to Plaintiff.

Dated this 11th day of April, 2019.

[3] *See, Curtis v. Lincoln Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

Respectfully Submitted,

DEACON LAW FIRM, PA

Lauren O. Baber
Lauren O. Baber, Ark. Bar # 2011195
J. Barrett Deacon, Ark. Bar # 2001201
Deacon Law Firm, PA
100 W. Center Street, Suite 200
Fayetteville, Arkansas 72701
Phone: (479) 582-5353
Fax: (479-) 582-5454
lbaber@deaconlawfirm.com
jbdeacon@deaconlawfirm.com

CODY ALLISON & ASSOCIATES, PLLC

***/s/ K. Cody Allison***
K. Cody Allison, TN BPR # 20623
**Pro Hac Vice Motion forthcoming*
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com

***Attorneys for Plaintiff***