**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**SHERRY WOOLVERTON-JONES** **PLAINTIFF**

**V.** **CASE NO. 5:19-CV-5072**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** **DEFENDANT**

**SCHEDULING ORDER**

It appears that the claims asserted and remedies sought by Plaintiff arise under and are governed by 29 U.S.C. § 1001 *et seq.*, the Employee Retirement Income Security Act of 1974 (ERISA). When an ERISA benefits plan clearly requires exhaustion, a plaintiff's failure to exhaust administrative remedies bars the plaintiff from seeking relief in federal court. See *Norris v. Citibank,* 308 F.3d 880, 884 (8th Cir. 2002). Therefore, if there is any issue as to whether Plaintiff has properly exhausted his administrative remedies, the parties should so inform the Court within seven (7) days of the date of this order by filing an appropriate motion to dismiss or stay this matter.

If there is no issue as to the exhaustion of administrative remedies, this case will proceed on the following schedule:

1. The stipulated record, which is to include an index of the documents contained therein, shall be filed within 120 days from today's date. The stipulated record should be filed electronically with an additional paper copy provided to the Court.
2. Plaintiff's brief must be filed within 30 days thereafter.
3. Defendants' brief must be filed within 30 days thereafter.

References in the parties' briefs to facts or materials contained in the record must cite to the applicable pages of the record.

No reply brief will be allowed unless leave of the Court has been granted. The Court will conduct its review upon receipt of the material outlined above.

DATED: June 3, 2019

*/s/ Timothy L. Brooks*
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE