**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**SHERRY WOOLVERTON-JONES,** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:19cv05072-TLB**

**LIBERTY LIFE ASSURANCE**
**COMPANY OF BOSTON,** **DEFENDANT**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S AMENDEED ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(1), Defendant Liberty Life Assurance Company of Boston ("Liberty Life") timely files this Amended Answer to Plaintiff's Complaint (the "Complaint"), within 21 days of the filing of its Original Answer (Doc. 12) on May 28, 2019, and states as follows:

**JURISDICTION AND VENUE**

1. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life admits this Court has jurisdiction over this action. Liberty Life specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Liberty Life. To the extent that the allegations contained in Paragraph 1 constitute legal conclusions, Liberty Life is not required to answer such allegations. Liberty Life admits that it issued Group Disability Income Policy No. GD/GF3-850-290765-01 (the "Policy") to Wal-Mart Stores, Inc. ("Walmart"), which, at certain times, insured long-term disability ("LTD") benefits from the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan") sponsored by Walmart,

and that, at certain times, Liberty Life was the claims administrator for claims for LTD benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits Plaintiff's claims are governed by ERISA. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life denies that venue of this action is proper in this District and Division, as it should have been filed in the Eastern Division of the Western District of Tennessee.

## **RELEVANT PARTIES**

4. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

5. Liberty Life admits Plaintiff was, at certain times, employed by Walmart as a Licensed Optician and that Walmart sponsored the Plan to provide LTD benefits to certain of its employees. Liberty Life admits Plaintiff's last day of work at Walmart was April 18, 2016. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Liberty Life admits that, at certain times, Walmart sponsored and was the Plan Administrator of the Plan, which provided certain benefits to participating, eligible employees of

Walmart. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits that it issued the Policy to Walmart, which, at certain times, insured LTD benefits from the the Plan sponsored by Walmart. Liberty Life admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Liberty Life specifically denies that it was the Plan Administrator of the Plan. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Liberty Life specifically denies that it was the Plan Administrator of the Plan. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Liberty Life specifically denies that it was the Plan Administrator of the Plan. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits that the Plan is an employee benefit plan as defined by ERISA and is governed by ERISA. Liberty Life admits Plaintiff was, at certain times, an employee of Walmart and that Walmart sponsored the Plan to provide LTD benefits to certain of its employees, of which Plaintiff was, at certain times, a participant. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. To the extent that the allegations contained in Paragraph 11 seek to interpret the provisions of the Policy, Liberty Life refers to the documents governing the Policy as the best

evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. To the extent that the allegations contained in Paragraph 12 seek to interpret the provisions of the Policy, Liberty Life refers to the documents governing the Policy as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

**STATEMENT OF FACTS**

13. Liberty Life incorporates its responses contained in Paragraphs 1 through 12 as if fully stated herein.

14. Liberty Life admits that documents in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan contain information concerning Plaintiff's date of birth, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits Plaintiff was, at certain times, employed by Walmart as a Licensed Optician. Liberty Life admits that documents in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan contain information concerning Plaintiff's salary at Walmart, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Liberty Life refers to these

documents themselves as the best evidence of the contents. Liberty Life admits Plaintif's last day of work at Walmart was April 18, 2016. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits that Plaintiff submitted a claim for LTD benefits from the Plan. Liberty Life admits it sent a letter dated April 2, 2018, to Plaintiff, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life admits Plaintiff submitted an appeal of the denial of LTD benefits from the plan. Liberty Life admits it sent a letter dated December 12, 2018, to Plaintiff's counsel, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life admits the allegations contained in Paragraph 20 of the Complaint.

21. Liberty Life admits that Plaintiff submitted a claim for LTD benefits from the Plan. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Liberty Life admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 22 seek to interpret the provisions of the Policy, Liberty Life

refers to the documents governing the Policy as the best evidence of their contents. Liberty Life further admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan was determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Liberty Life denies the allegations contained in Paragraph 23 of the Complaint.

24. Liberty Life denies the allegations contained in Paragraph 24 of the Complaint.

25. Liberty Life denies the allegations contained in Paragraph 25 of the Complaint.

26. Liberty Life denies the allegations contained in Paragraph 26 of the Complaint.

## CAUSES OF ACTION

### COUNT I -- ERISA/Statutory Claims

27. Liberty Life incorporates its responses contained in Paragraphs 1 through 26 as if fully stated herein.

28. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

Liberty Life denies the allegations contained in the Prayer for Relief of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff's claims are barred by her failure to satisfy conditions precedent to provide Notice and Proof of Claim within 30 days or as soon as reasonably possible as required by the Policy, and Liberty Life was prejudiced by the failure to provide timely Notice and Proof of Claim in that the asserted date of disability of April 19, 2016, was 22 months before Notice and Proof of Claim were provided, meaning a timely examination and investigation would not be possible.

7. Liberty Life reserves the right to assert additional defenses.

## PRAYER

Liberty Life prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated this 7th day of June, 2019.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Lauren O. Baber, Esq.
lbaber@deaconlawfirm.com

J. Barrent Deacon, Esq.
jbdeacon@deaconlawfirm.com

K. Cody Allison, Esq.
cody@codyallison.com

June 7, 2019 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers